UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHN F. JAMES, JR.,

            Plaintiff,

       v.

JACOB TAYLOR, an employee of
Oregon DSL,

            Defendant.

Case No. 3:24-cv-02012-YY

ORDER

*Pro se* plaintiff John F. James, Jr. has filed a complaint alleging claims against defendant Jacob Taylor, an employee of the Oregon Department of State Lands.  Compl., ECF 1.  The complaint fails to state a claim for relief, as explained in this order.  By February 3, 2025, plaintiff shall file an amended complaint that states a valid claim for relief or his case will be dismissed.

The court grants plaintiff's application to proceed in forma pauperis ("IFP").  ECF 2. The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief."  FED. R. CIV. P. 8(a).  "Rule 8 does not require 'detailed factual

1 – ORDER

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

Plaintiff alleges that "[t]his suit is about our salvage job being stolen by Defendant . . . and equipment that was stolen when he unlawfully stopped our salvage job in progress." Compl. 1, ECF 1. Plaintiff claims that he had secured salvage rights to the Sakarissa and the Alert, two vessels that were located on the Columbia River, after the owner passed away. *Id.* at 3. The Multnomah County Sheriff's Office stopped plaintiff's salvage work because defendant Taylor reported that plaintiff did not have the right to be there due to lack of a short-term access permit. *Id.* at 4-5. Plaintiff left to obtain the permit, and when he later returned to the vessels, his boat and equipment had been stolen. *Id.* at 6. Plaintiff subsequently learned that he did not in fact need a short-term access permit because he was "not using any Oregon property" and "had no intention of conducting any business from Oregon's shores." *Id.* at 4. Plaintiff also claims that

2 – ORDER

Taylor later hid from the Coast Guard that plaintiff had the right to salvage the vessels. *Id.* at 7-8. Plaintiff seeks damages "to cover our lost tools and equipment" and court costs in the amount of $188, 971.43. *Id.* at 26.

As the basis for his claims, plaintiff cites a list of "broken laws," i.e., criminal statutes under Chapter 18 of the United States Code. But courts have "rarely implied a private right of action under a criminal statute," and where they have done so, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Stiles v. Kahn*, 3:23-cv-00577-YY (Findings and Recommendations, May 16, 2023) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)); *see also Garcia v. Jones*, No. 6:22-CV-00118-AA, 2022 WL 2754853, at *7 (D. Or. July 14, 2022) ("To the extent that Plaintiff's allegations of fraud, stalking, money laundering, and tampering with evidence assert violations of federal criminal statutes, such statutes do not generally create a private right of action or provide a basis for civil liability.") (citing *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020)).

Plaintiff cites criminal statutes under 18 U.S.C. Chapter 31 pertaining to embezzlement and theft. For example, he cites criminal statutes regarding receipt of stolen property within a maritime jurisdiction, 18 U.S.C. § 662, conversion by an officer or employee of the United States of the property of another, 18 U.S.C. § 654, misuse of public funds by a disbursing officer, 18 U.S.C. § 653, and failure by the Treasurer of the United States or any public depository to keep safe moneys deposited by disbursing officers, 18 U.S.C. § 650. There is no statutory basis for inferring that a civil cause of action exists against defendant Taylor for any of the crimes that plaintiff cites.

Plaintiff also moves for appointment of counsel. ECF 7. "[T]here is no absolute right to counsel in civil proceedings[,]" *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360,

3 – ORDER

1363 (9th Cir. 1994), and the court lacks authority to require attorneys to represent litigants in

civil cases. *See Mallard v. U.S. District Court,* 490 U.S. 296, 298 (1989). The court may, in its

discretion, request that an attorney represent an indigent civil litigant, but that decision is

reserved for exceptional circumstances, which requires at least an evaluation of the likelihood of

the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his

claims in light of the complexity of the legal issues involved. *Agyeman v. Corr. Corp. of Am.*,

390 F.3d 1101, 1103 (9th Cir. 2004). Here, as discussed, plaintiff has failed to state a cognizable

claim for relief. Absent the likelihood of success on the merits, exceptional circumstances do not

warrant the appointment of counsel here.

## ORDER

The court grants plaintiff's application to proceed in forma pauperis ("IFP"). ECF 2.

The court denies plaintiff's motion for appointment of counsel. ECF 7. By February 3, 2025,

plaintiff shall file an amended complaint curing the deficiencies in his complaint or his case will

be dismissed.

DATED January 6, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

4 – ORDER