IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN F. JAMES, JR**,<br><br>    Plaintiff,<br><br>    v.<br><br>**JACOB TAYLOR**, an employee of the Oregon Department of State Lands,<br><br>    Defendant. | Case No. 3:24-cv-2012-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff John F. James, Jr., representing himself, brings this case against Jacob Taylor, an employee of the Oregon Department of State Lands. On January 6, 2025, United States Magistrate Judge Youlee Yim You granted Plaintiff's application to proceed in forma pauperis, denied Plaintiff's motion for the appointment of volunteer pro bono counsel, and *sua sponte* dismissed Plaintiff's complaint, with leave to file an amended complaint. Judge You explained that Plaintiff's Complaint cited criminal statutes, which are not a proper basis on which to assert a civil claim.

On January 22, 2025, Plaintiff filed an Amended Complaint. In his Amended Complaint, he alleges federal jurisdiction based on diversity because he is a resident of Washington and

Defendant is a resident of Oregon and because his claim involves a salvage operation and thus arises under admiralty law. He alleges that two vessels sank in the Columbia River and that he provided the proper notification to perform the salvage operations on the vessels. He also alleges that after he began the salvage operation and reached a level of success where it became apparent that the ships were able to be salvaged, Defendant instructed the River Patrol to stop Plaintiff's salvage operation by telling the patrol that Plaintiff needed a short-term permit that was not required for the salvage operations. Plaintiff stopped his operations, attempted unsuccessfully to obtain the permit, another salvage company took over the salvage operations, and Plaintiff's salvage equipment was stolen. Plaintiff sues for the value of his stolen equipment and the lost business opportunity.

>    Plaintiff alleges that Defendant
>
>> did purposefully misconstrue the intentions of the Department of State Lands and of the Plaintiff in order to gain status or money through the salvage project at the same time keeping Plaintiff's intentions quiet from superiors in [Defendant's] own workplace and from the US Coast Guard, with the purpose of stopping the salvage operation in progress of [Plaintiff] and his crew.

ECF 9 at 4. Plaintiff also alleges that Defendant "lied" to the Oregon legislature.

Judge You issued Findings and Recommendation in this case on February 3, 2025, recommending that the Court *sua sponte* dismiss this case without prejudice for failure to state a claim. Judge You explained that Plaintiff stated that he brought a "salvage claim," or a claim under an admiralty rule of the United Kingdom, but neither were valid bases. Plaintiff filed objections, and on March 4, 2025, Judge You issued Supplemental Findings and Recommendation. ECF 15.

In her Supplemental Finding and Recommendations, Judge You responded to additional legal authorities raised by Plaintiff in his objections as potential bases to state a claim. Judge You

explained how those authorities also did not support valid claims by Plaintiff. Judge You continued to recommend that this case be dismissed without prejudice for failure to state a claim from the initial judicial screening. Service of process has not yet occurred.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Additionally, Congress established that when a complaint is filed by a plaintiff proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the Court determines that" the action, among other things, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim "where there is *no cognizable legal theory*" or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (emphasis added). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted).

Reviewing Plaintiff's Amended Complaint de novo, and liberally construing Plaintiff's allegations, the Court cannot say that there is "no cognizable legal theory" alleged by Plaintiff. *See Shroyer*, 622 F.3d at 1041. Plaintiff sufficiently has alleged a state law claim for fraud, regardless of the label he attaches to his claims. *See, e.g.*, *Rosado v. Roman*, 2017 WL 3473177, at *2 (D. Or. Aug. 11, 2017) ("Mindful of the liberal construction a court is to give pro se pleadings, the Court looks to the substance of Rosado's claims and not the label he provides."); *Formica v. Superintendent of Cent. Virginia Reg'l Jail*, 2015 WL 5561933, at *11 n.16 (W.D. Va. Aug. 21, 2015), *report and recommendation adopted*, 2015 WL 5561952 (W.D. Va. Sept. 21, 2015) ("Federal courts may ignore the legal label that a pro se litigant attaches to a claim in order to create a better correspondence between the claim's substance and its underlying legal basis.").

Under Oregon law, the "essential elements" of a common-law fraud claim are: (1) "the defendant made a material misrepresentation that was false"; (2) "the defendant did so knowing that the representation was false"; (3) "the defendant intended the plaintiff to rely on the misrepresentation"; (4) "the plaintiff justifiably relied on the misrepresentation"; and (5) "the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Or.*, 350

Or. 336, 351-52, *adhered to on reconsideration*, 350 Or. 521 (2011). Plaintiff's allegations that Defendant stated that Plaintiff needed to get a short-term permit "knowing" it was false and done for personal gain and to stop Plaintiff from getting the salvage work, and that Plaintiff reasonably relied on that statement, attempted to get the permit, and then suffered damages, suffices to allege a common law claim of fraud.

The Court declines to adopt the Findings and Recommendation, ECF 12, and the Supplemental Findings and Recommendation, ECF 13. Plaintiff's Amended Complaint may proceed, construed as alleging a claim for common law fraud under Oregon law. The Court Clerk is instructed to send Plaintiff a copy of the standard order granting *in forma pauperis* status that contains instructions for service of process and the forms for service of process, along with a copy of this Order.

**IT IS SO ORDERED.**

DATED this 28th day of April, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge