IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN F. JAMES, JR**, | Case No. 3:24-cv-2012-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **JACOB TAYLOR**, an employee of the Oregon Department of State Lands, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

Plaintiff John F. James, Jr., representing himself, brings this case against Jacob Taylor, an employee of the Oregon Department of State Lands. On January 6, 2025, United States Magistrate Judge Youlee Yim You granted Plaintiff's application to proceed in forma pauperis, denied Plaintiff's motion for the appointment of volunteer pro bono counsel, and *sua sponte* dismissed Plaintiff's complaint, with leave to file an amended complaint.

On January 22, 2025, Plaintiff filed an Amended Complaint. In his Amended Complaint, he alleged federal jurisdiction based on diversity because he is a resident of Washington and Defendant is a resident of Oregon. He also alleged that his claim involved a salvage operation and thus arises under admiralty law. Judge You issued Findings and Recommendation,

PAGE 1 – ORDER

recommending that this Court *sua sponte* dismiss this case without prejudice for failure to state a claim. Judge You later entered Supplemental Findings and Recommendation, addressing arguments raised by Plaintiff in his objections, without changing her ultimate recommendation. The Court declined to adopt the Findings and Recommendation and Supplemental Findings and Recommendation, liberally construing Plaintiff's complaint as sufficiently alleging a claim for fraud under Oregon common law.

Defendant filed a motion to dismiss the Amended Complaint. On July 7, 2025, Judge You issued Findings and Recommendation, recommending that this Court grant Defendant's motion and dismiss this case with prejudice. Judge You concluded that Plaintiff's common law fraud claim is barred by the statute of limitations and because Plaintiff failed timely to file a tort claim notice as required under Oregon law.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the Findings and Recommendation.[1] Plaintiff's objections primarily are that his claim is not one for common law fraud, but arises under "salvage law." The problem with this objection is that the Court liberally construed Plaintiff's Amended Complaint and found that the *only* claim he sufficiently alleged was a claim for common law fraud. Thus, Plaintiff's arguments under "salvage law" or the 1989 International Convention on Salvage ("Convention") do not apply. Judge You had explained in her previous Order, ECF 8, and Findings and

---

[1] Plaintiff also impermissibly filed a reply in support of his objections, without seeking leave of the Court. The Court accepts Plaintiff's reply.

PAGE 2 – ORDER

Recommendations, ECF 12, 15, why Plaintiff did not state a claim against Defendant under the Convention and other laws asserted by Plaintiff.

Plaintiff also argues that he has sufficiently alleged the elements of a fraud claim. That argument, however, does not respond to Judge You's conclusion that Plaintiff knew the elements of his fraud claim in August 2022 and yet did not file this case until December 2024, more than two years later. That is what makes this case outside the two-year statute of limitations for fraud under Oregon law.

Plaintiff further argues that he was unaware that he needed to file a tort claim notice under Oregon law but he has now done so and that should suffice despite being well after the 180-day period. "The pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 [are] a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act." *Urban Renewal Ag. v. Lackey*, 275 Or. 35, 40 (1976). Plaintiff cannot avoid the notice requirement because he is representing himself and was ignorant of the law. "As a general rule, ignorance of the law is no excuse." *See Alquijay v. Garland*, 40 F.4th 1099, 1103 (9th Cir. 2022) (rejecting argument that immigrant's youth, ignorance of the law, and language barrier constituted "extraordinary circumstances" excusing his failure to file his asylum application within the one year required period). Further, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court thus rejects this contention by Plaintiff.

The Court ADOPTS the Findings and Recommendation, ECF 31. The Court GRANTS Defendant's motion to dismiss, ECF 25. Because Plaintiff's claim is time barred and he did not timely file a tort claim notice under the Oregon Tort Claims Act, further amendment would be futile and the Court dismisses Plaintiff's Amended Complaint with prejudice. Plaintiff offers no

other potential claim that he might articulate in a further amended complaint that has not been analyzed and found deficient by Judge You, and the only new defendants Plaintiff suggests he might name are Oregon government defendants, who would suffer from the same Oregon Tort Claims Act deficiency as Defendant.

**IT IS SO ORDERED.**

DATED this 13th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER